IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CODY A. BERTRES,** | : | **CIVIL NO. 1:CV-06-1623** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **Judge Rambo** |
| | : | |
| **C.O. DOUG BYERS and** | : | **Magistrate Judge Smyser** |
| **C.O. TIM CLEVENGER,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM AND ORDER

Before the court is a report of the magistrate judge to whom this matter was referred which recommends that the defendants' motion for summary judgment be granted in part and denied in part.  Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against correctional officers Doug Byers and Tim Clevenger, officers at Huntingdon County Prison, alleging these Defendants used excessive force against him in removing him from his cell and denied him medical treatment in violation of his Eighth Amendment rights.

Defendants filed a motion for summary judgment.  Plaintiff failed to file a brief in opposition to the motion for summary judgment.  By order dated April 16, 2007, Plaintiff was ordered to file his brief in opposition to the motion no later than May 1, 2007.  Plaintiff failed to comply.  Subsequent filings by Plaintiff suggested that he did not receive the aforesaid documents.  By order dated June 15, 2007, Plaintiff was given 20 days to comply with the April 16, 2007 order.  Plaintiff filed an opposition brief on August 14, 2007 and Defendants filed a reply on August 21, 2007.

Defendants raise the affirmative defense of failure to exhaust administrative remedies.  The magistrate judge recommended that summary judgment should not be granted on the basis of a failure to exhaust because this issue is not free from dispute.  The magistrate judge also recommended the grant of summary judgment as to claims against Defendants in their official capacities. Plaintiff does not dispute this recommendation.  (*See* doc. 44.)[1]

The magistrate judge recommended that the action proceed against Defendant Byers in his individual capacity on the excessive force claim and recommended the grant of summary judgment in favor of Defendant Clevenger on Plaintiff's claim of failure to provide medical treatment.  Plaintiff did not file objections to the report and recommendation even though he was granted an extension of time in which to do so.  (*See* order dated Nov. 1, 2007, doc. 42.) Plaintiff has, however, requested appointment of counsel.

In *Tabron v. Grace*, 6 F.3d 147, 155-57 (3d Cir. 1993), the court set forth factors that need to be considered in determining the appointment of counsel: the merits of the claim(s); the plaintiff's ability to present his case (education, literacy, prior work experience, prior litigation experience, language barriers); restraints placed on the prisoner by confinement; difficulty of the legal issues; degree of factual investigation needed; and credibility issues.  Plaintiff claims he has difficulty in understanding some words.  His documents filed to date have been with the assistance of another prisoner.  Plaintiff's remaining claim is not complex.  He has witnesses within the prison who have given him affidavits, thus outside

---

[1] On November 7, 2007, Plaintiff filed a document entitled "Notice of Petition for Leave to Amend Original Petition."  The amendment he seeks is to sue Defendants in their individual capacities. This petition will be deemed moot.

2

discovery is not necessary.  No experts are necessary.  There is a prison library accessible to him although, perhaps, on a limited basis.  All documents filed by Plaintiff to date have been typed.  At the present time, there is no need to appoint counsel.  This matter may be reconsidered at such time as the case is ready for trial.

The court has reviewed the record before the court and the applicable law.  **IT IS THEREFORE ORDERED THAT:**

1) The court adopts the report and recommendation of Magistrate Judge Smyser.

2) Summary judgment is granted in part and denied in part as follows:

a) granted in favor of both Defendants as to all claims against them in their official capacities;

b) denied as to Defendant Byers in his individual capacity on Plaintiff's Eighth Amendment claim of excessive force; and

c) granted as to Defendant Clevenger on Plaintiff's Eighth Amendment claim of failure to provide adequate medical care.

3) The Clerk of Court shall defer the entry of the judgment above until the conclusion of this case.

4) Plaintiff's motion to amend is deemed moot.

5) Plaintiff's request for appointment of counsel is denied without prejudice to renew the motion at a later time.

6) The captioned action is remanded to Magistrate Judge Smyser.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  November 28, 2007.

3